IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GRACE DONALDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.3:14-cv-686-MHT-TFM |
| | ) | [WO] |
| SHREE HARI, LLC., *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this action pursuant to the Americans with Disabilities Act ("ADA") asking the court for injunctive relief requiring Defendants to remove the discriminatory barriers to equal access by Defendants at their place of business which is a public accommodation as defined by the ADA. Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. (Doc. 12) Pending before the Court is *Plaintiff's Motion for Enforcement of Settlement Agreement*. (Doc. 11, filed May 26, 2015). On June 12, 2015, this Court issued an Order to Defendants to Show Cause, on or before June 26, 2015, as to why the Motion for Enforcement of Settlement should not be granted. (Doc. 13). Plaintiff has failed to file any response to the Court's Order. Moreover, on June 29, 2015, Defendant filed a Notice of Compliance and attached documents (Doc. 16) demonstrating compliance with the Full and Complete Release filed with this court. (Doc. 11-1).

For good cause, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's Motion (Doc. 11) be GRANTED and that the parties shall be bound by the terms of the Full and Complete Release (Doc. 11-1) which states as follows:

DONALDSON and DEFENDANTS further agree that the following modifications and/or remediation measures to be completed according to the agreed upon terms as detailed herein by Defendants shall constitute the entire amount of non-monetary relief provide to Plaintiff under the Full and Complete Release and that she will not seek any additional non-monetary relief in connection with the matters encompassed in this Full and Complete Release and Settlement Agreement.

    a.    DEFENDANTS will relocated the existing designated accessible parking space to the front of the building and stripe{sic} off an 8 foot access aisle adjacent to the curb ramp such that it begins at but does not impinge upon the curb ramp flares.  This relocated space shall measure 8 feet wide.

    b.    DEFENDANTS will install upright signage at the above referenced relocated accessible parking space displaying the International Symbol of Accessibility accompanied by a sign indication that the space is "van accessible".

    c.    DEFENDANTS will remediate the existing front entrance curb ramp to comply with the ADA requirements for curb ramp slopes and flares.

    d.    DEFENDANTS will adjust the existing restroom door closer so that they require less than 5 foot pounds of pressure to open/close and allow and {sic} minimum of 5 seconds to close from an open position of 90 degrees to a position of 12 degrees.

  e. DEFENDANTS will lower the existing grab bars in the restrooms such that they are no less than 33 inches above the finish floor and no more than 36 inches above the finish floor.

  f. DEFENDANTS will lower the toilet paper dispensers so that there exists a minimum of 1 ½ inches of clearance for the grab bar above.

  g. DEFENDANTS will insulate the plumbing beneath the lavatories.

  h. DEFENDANTS will replace the existing knobs on the lavatories with levers or other operable parts such that said parts may be operated with one hand and do not require tight grasping, pinching, or twisting of the wrist.

  i. DEFENDANTS will create an area of the cashier counter which is no greater than 36 inches above the finish floor and is 36 inches wide with a front to back depth equal to that of the existing countertop.

It is further

ORDERED that the Plaintiff file any objections to this Recommendation on or before **July 15, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on

appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    DONE this 1st day of July, 2015.

                              /s/Terry F. Moorer
                              TERRY F. MOORER
                              UNITED STATES MAGISTRATE JUDGE